UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CRAIG LEE CAIN,

   Plaintiff,

   v.                                               CAUSE NO. 3:23-CV-42-DRL-MGG

INDIANA STATE PRISON *et al.*,

   Defendants.

## OPINION AND ORDER

Craig Lee Cain, a prisoner without a lawyer, filed a complaint. ECF 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Cain alleges that he was found guilty of a disciplinary offense and his sanction included a substantial amount of restitution though there was no evidence to support the amount of restitution assessed. Mr. Cain filed a lawsuit claiming his due process rights were violated with respect to the restitution amount. *Cain v. Neal*, 3:20-CV-277-MGG (filed Mar. 31, 2020). He was permitted to proceed on his due process claim. The parties reached a settlement, and the case was dismissed with prejudice. The stipulation to

dismiss specified that the restitution due would be reduced to $1,103.76, and that, based on the records available at that time, he would be given a refund of $100.09. He received the refund, but the amount of restitution owed was not promptly adjusted, and funds continued to be taken from his account to satisfy the original amount due.

Mr. Cain attempt to enforce the settlement agreement by filing a motion in his earlier case. It appeared that the parties again worked out their differences, and the motion to enforce the settlement agreement was denied as moot. Mr. Cain was advised that, if he had further concerns about the settlement agreement, he would need to begin a new proceeding by filing a complaint in the appropriate forum. *Cain v. Neal*, 3:20-CV-277-MGG (order dated July 6, 2022).

Several months later, Mr. Cain initiated this lawsuit. He claims that, due to accounting errors, money is still being taken from his account to satisfy restitution though, at the time the parties settled this matter, the agreed upon sum of restitution was overpaid, requiring a refund. Though Mr. Cain claims he has been deprived of his property without due process of law, he has received due process, and that process resulted in a settlement agreement. *See Cain v. Neal*, 3:20-CV-277-MGG. Therefore, he won't be permitted to proceed on a due process claim here.

Mr. Cain's claim is more properly categorized as an effort to enforce the terms of his settlement agreement. Enforcement of a settlement agreement isn't a federal question; this court doesn't have jurisdiction to enforce the settlement following dismissal of an action with prejudice. *See Lynch, Inc. v. SamataMason, Inc.*, 279 F.3d 487, 489 (7th Cir. 2002); *see also White v. Adams*, 2009 WL 773877, 1 (7th Cir. 2009) ("When a case settles, a

district court typically dismisses the suit with prejudice and relinquishes jurisdiction; any action to enforce the settlement agreement must proceed as a state-law contract claim, which the district court may entertain only if there is an independent basis for jurisdiction, such as diversity.")

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE.

SO ORDERED.

August 14, 2023                    *s/ Damon R. Leichty*
                                   Judge, United States District Court